NO. 07-06-0246-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 8, 2007
_____

KYLE DANE DUNN, APPELLANT [1]

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 52,176-C; HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Kyle Dane Dunn, appeals his conviction for possession of a controlled substance with intent to deliver and sentence of 17 years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $5,000 fine. Appellant's counsel has filed a brief in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). We affirm.

_____

[1] The trial court's judgment shows appellant's name as Kyle Dan Dunn, but we will be using the correct spelling of appellant's name as Kyle Dane Dunn.

Appellant was charged by indictment with the offense of possession of a controlled substance (methamphetamine), with intent to deliver, in an amount of four grams or more but less than 200 grams. This indictment further charged that appellant committed the offense in a drug-free zone. Following trial of appellant, the jury returned a verdict finding him guilty of the offense of possession with intent to deliver, but not finding the offense to have been committed in a drug-free zone. After a punishment hearing, the jury returned a punishment verdict of 17 years imprisonment and a $5,000 fine. The jury's verdicts were accepted by the trial court and judgment was entered in accordance with the verdicts.

Appellant's counsel has filed a brief, in compliance with Anders and Gainous, stating that he has diligently reviewed the appellate record and applicable law and is of the opinion that the record reflects no reversible error upon which an appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel's brief presents a summation of the procedural history of the case and discusses why, under the controlling authorities, there is no reversible error in the trial court proceedings and judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached an exhibit showing that a copy of the Anders brief and motion to withdraw have been forwarded to appellant and that counsel has appropriately advised appellant of his right to review the record and file a *pro se* response to counsel's motion and brief. The clerk of this court has also advised appellant by letter of his right to file a response to counsel's brief. Appellant has not filed a response.

We have made an independent examination of the record to determine whether there are any non-frivolous grounds upon which an appeal could arguably be founded. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, writ ref'd). We carried the motion for consideration with the merits of the appeal. Having considered the merits and finding no reversible error, appellant's counsel's motion to withdraw is granted[2] and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.

---

[2] In granting counsel's motion to withdraw, however, we remind counsel to insure that he has complied with the "educational" duty to inform appellant of his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206 S.W.3d 670 (Tex.Crim.App. 2006).